1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RANDALL D. BUCKLEY, an individual man; JUNE TAYLOR, an individual woman, on behalf of themselves and all others similarly situated,<br><br>              Plaintiffs,<br><br>     v.<br><br>COUNTRYWIDE HOME LOANS, INC., a New York corporation; and COUNTRYWIDE FINANCIAL CORPORATION, a Delaware corporation,<br><br>              Defendants. | CASE NO. C08-1200-RSM<br><br>ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER |

## I. INTRODUCTION

Before the Court is Defendants' Motion for Protective Order seeking to prevent Plaintiff from deposing Kari Kuipers, Lisa Jollifee, and Edward Bailey III. Dkt. # 35. After reviewing the parties' memoranda, exhibits and declarations, and the remainder of the record, the Court

determines that oral argument is unnecessary to decide the motion. For the reasons set forth below, Defendants' motion is DENIED.

## II. DISCUSSION

**A. Background**

Plaintiff is a personal homeowner who brought suit against Countrywide Home Loans, Inc. and Countrywide Financial Corporation ("Countrywide") under the Washington Consumer Protection Act, (the "CPA"), RW § 19.86.010. Plaintiff alleges that Countrywide changed the terms of a home mortgage refinance transaction without informing Plaintiff before they closed the deal. Plaintiff attempted to certify a class action on these allegations, so the Court transferred the case to Judge Sabraw in the Southern District of California for coordinated pretrial proceedings. Judge Sabraw denied the class and the Ninth Circuit affirmed. Judge Sabraw has now remanded Plaintiff's individual case to this Court.

After Judge Sabraw remanded the case, Plaintiff served deposition notices to Kari A. Kuipers, William E. Bailey III, and Lisa Jollif. These witnesses previously made declarations, which state that Defendants always verbally explain any changes in loan terms to borrowers before the parties close the deal. Defendants used these declarations in its opposition to class certification. Plaintiff now seeks to depose the witnesses so that it can disprove or test their statements about Defendants' practices. Defendant no longer employs two of the witnesses. Plaintiff does not object to subpoenaing the witnesses however, Defendant has not provided information about how to contact them.

In the prior proceedings, Plaintiff sought to depose these same witnesses, and Judge Sabraw denied the request in three separate orders. The first order was in 2010, after Judge Sabraw's denial of class certification. In this order, Judge Sabraw ruled that discovery for

1   Plaintiff's individual case should be stayed pending a ruling from the Ninth Circuit. Dkt. # 38, A.

2   Brown Decl., Ex. D., p. 3. The second order was issued after the Ninth Circuit affirmed Judge

3   Sabraw's denial of class certification. Dkt. # 35, Ex. A, p. 156. In this order, Judge Sabraw

4   denied Plaintiff's request to depose the witnesses because "Plaintiff had ample opportunity to

5   request the discovery he now seeks during the briefing and pendency of the motion for class

6   certification." *Id.* The final order is the remand order, which states that "any remaining pretrial

7   and trial proceedings in the remaining component cases will – in the discretion of the transferor

8   courts – concern only the named plaintiffs' individual claims based upon the individual facts and

9   circumstances of their loans." Dkt. # 35, Ex. C, p. 3.

10  **B. Standard**

11          "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any

12  party's claim or defense." Fed. R. Civ. P. 26(b)(1); *Survivor Media, Inc. v. Survivor Prods.*, 406

13  F.3d 625, 635 (9th Cir. 2005). For purposes of discovery, relevant information is that which is

14  "reasonably calculated to lead to the discovery of admissible evidence." *Brown Bag Software v.*

15  *Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992). The Court must limit the scope of

16  discovery otherwise allowable under the federal rules if it determines that: "(i) the discovery

17  sought is unreasonably cumulative or duplicative, or can be obtained from some other source that

18  is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had

19  ample opportunity to obtain the information by discovery in the action; or (iii) the burden or

20  expense of the proposed discovery outweighs its likely benefit, considering the needs of the case,

21  the amount in controversy, the parties' resources, the importance of the issues at stake in the

22  action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C).

23          In response to a discovery request, the Court "may, for good cause, issue an order to

24  protect a party or person from annoyance, embarrassment, oppression, or undue burden or

1    expense." Fed. R. Civ. P. 26(c)(1). On a motion for protective order, the party seeking to limit

2    discovery has the burden of proving "good cause," which requires a showing "that specific

3    prejudice or harm will result" if the protective order is not granted.  *In re Roman Catholic*

4    *Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011)

5         The Court may consider the following factors when determining whether "good cause"

6    exists for issuing a protective order: (1) whether disclosure will violate any privacy interests; (2)

7    whether the information is being sought for a legitimate purpose or for an improper purpose; (3)

8    whether disclosure of the information will cause a party embarrassment; (4) whether

9    confidentiality is being sought over information important to public health and safety; (5)

10   whether the sharing of information among litigants will promote fairness and efficiency; (6)

11   whether a party benefitting from the order of confidentiality is a public entity or official; and (7)

12   whether the case involves issues important to the public." *See Id.* (directing courts to balance the

13   factors for good cause identified in *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 482–83 (3d

14   Cir. 1995)). Even if "good cause" exists, the Court must balance the interests in allowing

15   discovery against the burdens to the parties or nonparties. *Id.* at 425.

16   **C. Analysis**

17        Defendant argues that this Court has "good cause" to issue a protective order to stop

18   Plaintiff from deposing the witnesses at issue on the following grounds: 1) Plaintiff violated

19   Judge Sabraw's orders when it sent the deposition notices; 2) the witnesses lack personal

20   knowledge of Plaintiff's individual case; and 3) the depositions would unduly burden the

21   witnesses and Defendants. Dkt. # 35, p. 4. The Court finds Defendants' arguments without merit.

22        First, Judge Sabraw's orders do not preclude Plaintiff from deposing the witnesses for

23   purposes of his individual claim. Although Judge Sabraw denied Plaintiff's request when

24

deciding issues related to class certification, there is no indication that Judge Sabraw intended to preclude this Court from determining the scope of pretrial discovery for Plaintiff's individual claim. Second, the witnesses have relevant knowledge for purposes of Plaintiff's individual claim because they know about Defendants' practices. Plaintiff seeks to depose the witnesses about Defendants' practices in anticipation of its defense, which is within the scope of discovery. Fed. Rule Civ. P. 26(b)(1) ("Parties may obtain any nonprivileged matter that is relevant to any party's claim or defense"). Third, the depositions would not unduly burden the witnesses or the Defendants.  The alleged costs, attorney fees, and personal inconveniences do not outweigh the benefits that Plaintiff will receive from taking the depositions. In sum, Defendant has not shown good cause to prevent Plaintiff from deposing the witnesses at issue.

## III. CONCLUSION

The Court, having considered Defendants motion, Plaintiff's response thereto, the reply, and the remainder of the record, hereby finds and ORDERS:

(1)     Defendants' Motion for Protective Order (Dkt. #35) is hereby DENIED.

(2)     Defendants shall provide Plaintiffs with any information necessary to depose Kari Kuipers, Lisa Jollifee, and Edward Bailey III, including their last known addresses.

(3)     The Clerk of the Court is directed to forward a copy of this Order to all counsel of record.

Dated this 15th day of November 2012.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE