UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RANDALL D. BUCKLEY, an individual man; and JUNE TAYLOR, an individual woman, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTRYWIDE HOME LOANS, INC., a New York corporation; and COUNTRYWIDE FINANCIAL CORPORATION, a Delaware corporation,<br><br>Defendants. | Case No. C08-1200RSM<br><br>ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR CLASS CERTIFICATION |

## I.     INTRODUCTION

This matter comes before the Court on Plaintiff's Renewed Motion for Class Certification. Dkt. #55. Plaintiff, Randall Buckley, renews a prior motion for class certification arguing that new evidence demonstrates common issues predominate amongst the proposed class and a class action would be superior to other methods of resolving this case. *Id.* Defendants respond that the evidence upon which Plaintiff now relies was available at the time he made his previous motion, but he chose to pursue certification under a different theory. Dkt. #64. Defendants further respond that the instant motion is untimely for several reasons and that

ORDER
PAGE - 1

the Court need not reach a substantive analysis of the issues raised. *Id.* Having reviewed the record before it, and for the reasons discussed herein, and having determined that no oral argument is necessary on this motion, the Court agrees with Defendants that Plaintiff's motion is not timely and DENIES Plaintiff's motion.

## II.    BACKGROUND

Relevant background to this matter was set forth in the Court's prior Order denying Defendants' Motion for Protective Order, and is incorporated herein as follows. *See* Dkt. #42 at 2-3. Plaintiff is a personal homeowner who brought suit against Countrywide Home Loans, Inc. and Countrywide Financial Corporation ("Countrywide") under the Washington Consumer Protection Act, (the "CPA"), RW § 19.86.010. Plaintiff alleges that Countrywide changed the terms of a home mortgage refinance transaction without informing Plaintiff before they closed the deal. Plaintiff previously attempted to certify a class action on these allegations. As part of a Multidistrict Litigation ("MDL"), the Court transferred the case to Judge Sabraw in the Southern District of California for coordinated pretrial proceedings and to determine class issues for certification. Judge Sabraw denied class certification and the Ninth Circuit subsequently affirmed. Judge Sabraw then remanded Plaintiff's individual case to this Court.

After Judge Sabraw remanded the case to this Court, Plaintiff served deposition notices to Kari A. Kuipers, William E. Bailey III, and Lisa Jollife. These witnesses previously made declarations, which stated that Defendants always verbally explain any changes in loan terms to borrowers before the parties close the deal. Defendants used these declarations in their opposition to class certification. Plaintiff sought to depose the witnesses so that he can disprove or test their statements about Defendants' practices, and Defendants sought a protective order precluding Plaintiff from taking the depositions.

ORDER
PAGE - 2

In reviewing the motion for protective order, this Court noted that in the prior proceedings, Plaintiff sought to depose these same witnesses, but Judge Sabraw denied the request in three separate orders. The first order was in 2010, after Judge Sabraw's denial of class certification. In that order, Judge Sabraw ruled that discovery for Plaintiff's individual case should be stayed pending a ruling from the Ninth Circuit. Dkt. # 38, Ex. D at 3. The second order was issued after the Ninth Circuit affirmed Judge Sabraw's denial of class certification. Dkt. # 35, Ex. A at 156. In that order, Judge Sabraw denied Plaintiff's request to depose the witnesses because "Plaintiff had ample opportunity to request the discovery he now seeks during the briefing and pendency of the motion for class certification." *Id.* Finally, the remand order stated that "any remaining pretrial and trial proceedings in the remaining component cases will – in the discretion of the transferor courts – concern only the named plaintiffs' individual claims based upon the individual facts and circumstances of their loans." Dkt. # 35, Ex. C at 3. However, after remand, this Court allowed the depositions to occur as related to Plaintiff's individual claims. Dkt. #42.

Plaintiff then sought to depose a non-party, Steven Cupples. *See* Dkt. #45. Defendants again moved for a protective order to preclude Plaintiff from taking the deposition. This Court denied the motion. Dkt. #54. Several months later, the instant motion followed.

### III.   DISCUSSION

**A.  Legal Standard for Class Certification**

Plaintiff moves for class certification under Federal Rule of Civil Procedure 23(b)(3). "Before certifying a class, the trial court must conduct a 'rigorous analysis' to determine whether the party seeking certification has met the prerequisites of [Federal Rule of Civil Procedure] 23." *Mazza v. American Honda Motor Co., Inc.*, 666 F.3d 581, 588 (9th Cir. 2012)

ORDER
PAGE - 3

(citation and quotation omitted). The party seeking class certification must affirmatively demonstrate that the class meets the requirements of Rule 23. *Wal-Mart Stores, Inc. v. Dukes*, U.S. , 131 S.Ct. 2541, 2551, 180 L. Ed. 2d 374 (2011); *see also Gen'l Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 156, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982). Thus, in order for a plaintiff class to be certified, the plaintiff must prove that he/she meets the requirements of Federal Rule of Civil Procedure 23(a) and (b). As a threshold matter, and apart from the explicit requirements of Rule 23, the party seeking class certification must also demonstrate that an identifiable and ascertainable class exists. *Mazur v. eBay Inc.*, 257 F.R.D. 563, 567 (N.D. Cal. 2009).

Rule 23(a) requires that plaintiffs demonstrate numerosity, commonality, typicality and adequacy of representation in order to maintain a class. *Mazza*, 666 F.3d at 588. That is, the class must be so numerous that joinder of all members individually is "impracticable;" there must be questions of law or fact common to the class; the claims or defenses of the class representative must be typical of the claims or defenses of the class; and the class representative must be able to protect fairly and adequately the interests of all members of the class. *See* Fed. R. Civ. P. 23(a)(1)-(4).

If the class is ascertainable and all four prerequisites of Rule 23(a) are satisfied, the court must also find that the plaintiff has "satisf[ied] through evidentiary proof" at least one of the three subsections of Rule 23(b). *Comcast Corp. v. Behrend*, 133 S.Ct. 1426, 1432, 185 L. Ed. 2d 515 (2013). A class may be certified under Rule 23(b)(1) upon a showing that there is a risk of substantial prejudice or inconsistent adjudications from separate actions. Fed. R. Civ. P. 23(b)(1). A class may be certified under Rule 23(b)(2) if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief

ORDER
PAGE - 4

or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Finally, a class may be certified under Rule 23(b)(3) if a court finds that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

"[A] court's class-certification analysis . . . may 'entail some overlap with the merits of the plaintiff's underlying claim.'" *Amgen Inc. v. Conn. Ret. Plans and Trust Funds*, 133 S.Ct. 1184, 1194, 185 L. Ed. 2d 308 (2013) (quoting *Dukes*, 131 S.Ct. at 2551). Nevertheless, "Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage." *Id.* at 1194-95. "Merits questions may be considered to the extent – but only to the extent – that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Id.* at 1195. If a court concludes that the moving party has met its burden of proof, then the court has broad discretion to certify the class. *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186, *amended by* 273 F.3d 1266 (9th Cir. 2001).

**B. Timeliness of Motion**

*1. Foreclosure By Prior Orders*

The Court first addresses Defendants' argument that the instant motion is untimely and Plaintiff does not have good cause to bring it now. Dkt. #64 at 16-19. Defendants argue that because Judge Sabraw declined to revisit class certification after remand from the Ninth Circuit, Plaintiff is simply trying to circumvent that ruling by making the instant motion. The Court is not persuaded. On March 12, 2012, Judge Sabraw declined to reopen discovery for the purpose of renewing a motion for class certification. *See* MDL Case No. C09-0064-DMS (WMC) (S.D. Cal.), Dkt. #156. However, this Court has since allowed the same discovery that

ORDER
PAGE - 5

Judge Sabraw declined, albeit as related to Plaintiff's individual claims. *See* Dkt. #42. Accordingly, the Court does not find the instant motion untimely simply because Judge Sabraw declined to reopen discovery.

　　*2. Improper Collateral Attack on MDL Proceedings*

　　The Court next turns to Defendants' argument that Plaintiff's renewed motion is an improper collateral attack on the MDL proceedings. Dkt. #64 at 19-20. Defendants note that this case was formerly part of a multidistrict litigation consolidated specifically for the resolution of "the sufficiency of class allegations." *See* MDL Case No. 08-md-1988MDS (WMC) (S.D. Cal.), Dkt. #511 at 2. In recommending remand to this Court, Judge Sabraw noted the following:

> This Court has overseen this MDL since its inception. Among other orders or dispositions, all as reflected on the docket in case No. 3:08-md-01988-DMS-WMC, four of the component cases have been dismissed voluntarily and four have been remanded to state court. As to the remaining five component cases, class certification has been litigated and denied in each action, and interlocutory appeals from this Court's denials have been affirmed (*Buckley*), declined (*White, Leyvas, Jackson*), or not pursued (*Peralta*). Accordingly, this Court invited the parties to show cause why a suggestion of remand should not be issued. *See* Order to Show Cause, Dkt. No. 502 (March 12, 2012).
>
> Plaintiffs in the remaining member cases filed written responses to the Order, as did Defendants. After reviewing the parties' written responses, the Court held a telephonic conference with counsel on April 4, 2012. Alan Mansfield, Ilze Thielman, Amanda Trask and Joe Whatley, Jr. appeared on behalf of Plaintiffs in the *White/Leyvas/Jackson* case, Craig Spiegel appeared on behalf of Plaintiff Buckley, and David Arbogast appeared on behalf of Plaintiff Peralta. Brooks Brown and Thomas Hefferon appeared on behalf of Defendants.
>
> With respect to *Buckley* and *Peralta*, the parties are in agreement that the Court should suggest to the MDL Panel that these cases be remanded to the transferor courts. With respect to *White/Leyvas/Jackson*, the parties do not agree. Rather, Plaintiffs request that the Court allow them time to conduct additional discovery so they may file a renewed motion for class

ORDER
PAGE - 6

> certification. For the reasons set out in the Court's March 12, 2012 Order following the mandate hearing in *Buckley*, the Court denies that request.
>
> In constituting this MDL proceeding, the MDL Panel identified the "sufficiency of class allegations" in the component, putative nationwide class actions as an "overarching issue" for resolution by this Court. *In re Countrywide Fin. Corp.*, 582 F. Supp. 2d at 1375. All class certification proceedings in the remaining component cases are, subject to any post-judgment appellate rights, now complete, with class certification having been denied in each case. Each motion was presented on a record developed after a period of discovery and disclosure of expert witnesses, pursuant to a schedule the Court set, and there was lengthy briefing on the motion and oral argument. **The Court finds that no good cause exists to permit further class certification proceedings**.
>
> In light of the course of these proceedings, outlined above, it is evident that any remaining pretrial and trial proceedings in the remaining component cases will - in the discretion of the transferor courts - concern only the named-plaintiffs' individual claims based upon the individual facts and circumstances of their loans. As such, the Court believes that the remaining component actions will no longer benefit from further coordinated proceedings, and remand of each of those actions is appropriate. 28 U.S.C. § 1407(a); J.P.M.L. R. 10.1(b); *see also In re Evergreen Valley Project Litig.*, 435 F. Supp. 923, 924-25 (J.P.M.L. 1977); *In re Activated Carbon-Based Hunting Clothing Mktg. & Sales Practices Litig.*, 2012 WL 72844, at *5 (D. Minn. Jan. 10, 2012).

MDL Case No. 08-md-1988MDS (WMC) (S.D. Cal.), Dkt. #511 at 2-3 (emphasis added; footnotes omitted).

Plaintiff argues that there has since been a significant change of circumstances warranting a renewed motion for class certification given the discovery completed since remand in this case. Dkt. #75 at 10. The Court disagrees. As noted above, Judge Sabraw's role in these proceedings was to determine the sufficiency of class allegations. After both briefing and oral argument, Judge Sabraw determined that no good cause existed to permit further class certification proceedings. Plaintiff now spends much of his brief rehashing argument and evidence that it appears to have presented or had the opportunity to present to Judge Sabraw. *See*, *e.g.*, Dkt. #75 at 10-17 (arguing that previously undisclosed witnesses used

ORDER
PAGE - 7

in opposing the initial class certification motion should compel the Court to consider a renewed motion). The Court relies on Judge Sabraw's judgment with respect to those arguments, particularly given that he reviewed Plaintiff's prior motions "on a record developed after a period of discovery and disclosure of expert witnesses, pursuant to a schedule the Court set, and there was lengthy briefing on the motion and oral argument." MDL Case No. 08-md-1988MDS (WMC) (S.D. Cal.), Dkt. #511 at 2.

Further, the Court is not convinced that the testimony of Steven Cupples creates a significant change in circumstances such that the Court should review class certification. Mr. Cupples, through a Declaration, has testified that "Countrywide was meticulous about requiring loan officers to document every interaction with a borrower whether that interaction was verbal or in writing. . . . It was Countrywide's strict policy to require Loan Officers to record the content of their calls in the database. In addition, Countrywide made audio recordings of all calls and also recorded screen activity that occurred during each and every call. . . . Any conversation in which a Countrywide employee conveyed any changes in the rate or the terms of the loan being originated would have been recorded in a computer database. Assuming those databases have been preserved, anyone with access to the database can determine which borrowers received calls informing them of a change in loan terms, when they got the call, and from whom. Countrywide's databases also recorded a summary of any disclosure of loan terms provided by an independent broker." Dkt. #57 at ¶¶ 6, 7, 8 and 10. However, Defendants have produced adequate evidence rebutting Mr. Cupple's assertions. *See* Dkts. #65 at ¶¶ 3-8, #66 at ¶¶ 5-22 and #70 at ¶¶ 5-17. More importantly, it appears that Plaintiff has had knowledge of the database and its contents, upon which they now rely in asserting the instant motion, for quite some time. Dkt. #64 at 17-18.

ORDER
PAGE - 8

On this record, the Court also finds no good cause to reopen class certification proceedings and will not consider Plaintiff's renewed motion.

## IV. CONCLUSION

Having reviewed Plaintiff's Renewed Motion for Class Certification, the response in opposition thereto and reply in support thereof, along with the supporting Declarations and exhibits and the remainder of the record, the Court hereby finds and ORDERS:

1. Plaintiff's Renewed Motion for Class Certification (Dkt. #55) is DENIED.
2. The Clerk shall issue a Scheduling Order in this matter and Plaintiff shall proceed individually.

DATED this 20 day of May, 2015.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE